UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-60277-RLR

POPLAR OAKS, INC.,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 66.176.254.3,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO SERVE A
THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion") [DE 8]. On February 10, 2015, Plaintiff filed its Complaint [DE 1] against an unidentified Defendant. Plaintiff alleges that Defendant illegally downloaded and distributed a copyrighted work owned by Plaintiff through a peer-to-peer file sharing network. *See* DE 1. Plaintiff further alleges that the only information it has regarding Defendant's identity is Defendant's Internet protocol address ("IP address"). *See id.* In its Memorandum of Law in Support of the Motion, Plaintiff asserts that Defendant's Internet service provider, Comcast Cable (the "ISP"), assigned the IP address to Defendant and can identify Defendant by the IP address. *See* DE 8-1. Plaintiff therefore seeks leave to serve the ISP with a third party subpoena under Rule 45 of the Federal Rules of Civil Procedure demanding Defendant's true name, address, telephone number, and email address. *See id.* The Court has reviewed Plaintiff's Motion and all attachments thereto, and is otherwise fully advised in the premises.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE 8] is **GRANTED**. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on the ISP. *See Malibu Media, LLC v. Doe*, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013); *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2.  Plaintiff may serve the ISP with a Rule 45 subpoena directing the ISP to provide Plaintiff with the true name, address, telephone number, and email address (collectively, the "personal identifying information") of the individual or entity to whom the ISP assigned the IP address 66.176.254.3. Plaintiff shall attach to any such subpoena a copy of this Order.

3.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any Internet service provider that is identified in response to a subpoena as a provider of Internet services to Defendant. Plaintiff shall attach to any such subpoena a copy of this Order.

4.  If the ISP or another subpoenaed Internet service provider qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it may disclose the requested personal identifying information pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed. *See* 47 U.S.C. § 551(c)(2)(B). Accordingly, if the ISP or another Internet service provider identified in paragraph 3 above intends to disclose the requested personal identifying information to Plaintiff, then the ISP or other Internet service provider shall, at least 28 days prior to disclosing the personal identifying information to Plaintiff: (a) notify Defendant that it intends to disclose the requested personal

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

identifying information to Plaintiff; (b) provide Defendant with a copy of the subpoena and this Order; and (c) inform Defendant of the date on which it plans to disclose the personal identifying information to Plaintiff.

5. If the ISP or another subpoenaed Internet service provider wishes to challenge the validity of the subpoena, then that Internet service provider must file written opposition to the subpoena with the Court no later than 21 days after being served with the subpoena. If a subpoenaed Internet service provider does file written opposition to the subpoena, Plaintiff must file any response thereto no later than 10 days after such written opposition is filed.

6. If Defendant wishes to challenge the validity of the subpoena, then Defendant must file written opposition to the subpoena with the Court at least 14 days before the date on which the subpoenaed Internet service provider intends to disclose the personal identifying information. If Defendant does file written opposition to the subpoena, Plaintiff must file any response thereto no later than 5 days after such written opposition is filed.

7. The ISP or another subpoenaed Internet service provider may not require Plaintiff to pay a fee in advance of providing the subpoenaed information, nor may the ISP or another subpoenaed Internet service provider require Plaintiff to pay a fee for information related to an IP address that is not controlled by that Internet service provider. If necessary, the Court will resolve any disputes between Plaintiff and the ISP or other subpoenaed Internet service provider regarding the reasonableness of the proposed amount to be charged by the ISP or other subpoenaed Internet service provider after the subpoenaed information has been provided to Plaintiff.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP or another Internet service provider for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of February, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE